IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MELANIE ANN RUSSELL                                                                                         PLAINTIFF

    v.                              CIVIL NO. 5:23-CV-05055-CDC

MARTIN J. O'MALLEY, Commissioner
Social Security Administration[1]                                                                          DEFENDANT

**ORDER**

    Plaintiff appealed the Commissioner's denial of benefits to this Court.  On October 2, 2023, the undersigned issued a Judgment reversing and remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  (ECF Nos. 18 & 19).

**1.  Background**

    On December 5, 2023, Plaintiff filed a "unopposed"[2] motion seeking an award of $4,900 (despite itemizations totaling $5,137.50) in legal and paralegal fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA").  (ECF No. 21).  Defendant has not responded and the time to respond has expired.

**2.  Applicable Law**

    Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the

---

[1] Martin J. O'Malley has been appointed to serve as Commissioner of the Social Security Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Counsel is cautioned about using the word "unopposed" in a motion caption; neither the motion nor counsel's affidavit contains a statement that Plaintiff's counsel inquired and obtained an affirmation from Defendant that the Commissioner agreed not to oppose the motion for attorneys' fees.

government's denial of benefits. *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The [Commissioner] bears the burden of proving that its position in the administrative and judicial proceeding below was substantially justified."). An EAJA application must be made within thirty days of a final judgment in an action, *see* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day period for an appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhard,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refund[d] to the claimant the amount of the smaller fee." . . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.; see also Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* U.S.C. § 2412(d)(2)(A). A court is authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified

2

attorneys for the proceedings involved, justifies a higher fee." *Id*. A court may determine that there has been an increase in the cost of living and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). Pursuant to General Order 39,[3] which references the CPI- South Index, the Court has determined that an enhanced hourly rate based on a cost-of-living increase is appropriate.

3. **Discussion**

In the present action, Plaintiff's case was remanded to the Social Security Administration. (ECF No. 19). The Court will consider Defendant's lack of response as its lack of objection to Plaintiff's prevailing party status or substantial justification. The Court finds that the Government's decision to deny benefits was not "substantially justified" and thus, Plaintiff is the prevailing party.

Plaintiff seeks compensation for 21 hours of legal work during 2023 at the hourly rate of $230 and 4.1 hours of paralegal work at the hourly rate of $75 per hour. Attorney rates are authorized by the EAJA so long as the CPI-South Index justifies this enhanced rate. *See* General Order 39; *see also* 28 U.S.C. § 2412(d)(2)(A) and *Johnson,* 919 F.2d at 504. Here, the Court finds the CPI-South Index authorized an hourly rate of $236 for attorney legal work conducted in 2023. It is the Court's practice, however, to award fees at the requested rate where the requested rate is lower than the approved hourly rate. Thus, the Court will use the hourly rate of $230 to calculate

---

[3] Per General Order 39, the allowable rate for each year is as follows, and for simplicity's sake, the figure is rounded to the next dollar:

2023 – 288.205 x 125 divided by 152.4 (December 2022 CPI – South) = $236.39/hour ~ $236.

recoverable legal fees in this matter. With respect to paralegal time, Plaintiff's motion seeks application of the routinely approved paralegal hourly rate in this District, $75.

As noted, Defendant has not responded to the Motion. The Court has examined all of Plaintiff's supporting documentation and finds that the work completed by Plaintiff's legal team during 2023 was reasonable and necessary, and resulted in remand of Plaintiff's matter to the Commissioner. The Court also finds that despite the itemization of work reflecting recoverable fees in the amount of $5,137.50, Plaintiff seeks an award of only $4,900. **The Court GRANTS Plaintiff's Motion (ECF No. 21), and awards Plaintiff fees in the total sum of $4,900.00.**

Plaintiff's award of fees should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), the EAJA award must be awarded to the "prevailing party" or the litigant but may be mailed to Plaintiff's counsel. The parties are reminded that the EAJA award herein will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, to prevent a double recovery by counsel for Plaintiff.

IT IS SO ORDERED this 3rd day of January 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

4